UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRELL SUGGS (#457710)

VERSUS                                          CIVIL ACTION

IVY MILLER, ET AL                               NUMBER 12-668-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 25, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRELL SUGGS (#457710)

VERSUS                                    CIVIL ACTION

IVY MILLER, ET AL                         NUMBER 12-668-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ivy Miller, Bob Harrison, Janet Lorena, Warden Steve Rader and the Louisiana Department of Public Safety and Corrections.  Plaintiff alleged that the defendants violated his constitutional rights when they failed to provide him with free copies of legal briefs he needed to apply for a Presidential pardon.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.


### I. Background

Plaintiff alleged that on December 5, 2011, he went to defendant Harrison to get his approval for prison officials to make free copies of documents the plaintiff wanted to send to the President.  Plaintiff alleged that he was preparing an application for a Presidential pardon and wanted to attach copies of two state court appellate briefs to the application.

Plaintiff alleged that defendant Harrison reviewed his request and told him that he would have to obtain authorization from defendant Miller because defendant Harrison did not think that the State would pay for the costs to copy the briefs.  Plaintiff alleged that on December 6, defendant Harrison told him that defendant Miller denied authorization to copy the briefs at the State's expense.

Plaintiff alleged that he filed Administrative Remedy Procedure ("ARP") DCI-2011-915 complaining that he was denied free copies of the briefs.  Plaintiff alleged that the ARP was denied at the First Step by Warden Rader and at the Second Step by the Department of Corrections.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).   A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  A case may be dismissed as frivolous or for failure to state a claim on which relief may be granted even thought the plaintiff paid a partial filing fee.  28 U.S.C. § 1915(e)(2)(B).

## B. Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666

(1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra.* Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985). Plaintiff's claim against the State of Louisiana Department of Public Safety and Corrections is barred by the Eleventh Amendment.

### C. Denial of Free Copies

Plaintiff alleged that he was denied free copies of his state court appellate briefs he wanted to submit with his application for a Presidential pardon.

First, the plaintiff does not have a constitutional right to free copies. *Nabelek v. Cockrell*, 61 Fed.Appx. 120 (5th Cir. 2003); *Young v. Lamar County, Tx*, 35 Fed.Appx. 389 (5th Cir. 2002). Second, the plaintiff does not have a constitutional right to a Presidential pardon. *Griggs v. Fleming*, 88 Fed.Appx. 705 (5th Cir. 2004). Third, under the United States Constitution, the President's power to grant pardons extends only to federal criminal

offenses. U.S. Const., Art. II, § 2, cl. 1. Nothing in the plaintiff's complaint suggests that he was seeking a Presidential pardon for a federal criminal offense. Therefore, even if the plaintiff had a right to copies of the legal briefs at state expense, he was not prejudiced since the President does not have the power to grant a pardon for conviction of a state criminal offense.

### D. Denial of ARP

Plaintiff alleged that Warden Rader denied his administrative grievance. Plaintiff does not have a constitutional right to receive a favorable response to his administrative grievance. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Propes v. Mays*, 169 Fed. Appx. 183, 184-85 (5th Cir. 2006).

### E. Respondeat Superior

Plaintiff named Warden Rader and Janet Lorena as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that defendant Warden Rader is responsible

5

for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).  Plaintiff's complaint fails to allege facts sufficient to state a claim against defendant Warden Radar and defendant Lorena.  Moreover, there are no facts the plaintiff could allege against these two defendants, consistent with the allegations in the complaint, which would state a claim against either of them.

### F. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law, the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  The court should decline to exercise supplemental jurisdiction in this case since his federal claims are frivolous and should be dismissed.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without prejudice to any state law claims the

6

plaintiff may have.

Baton Rouge, Louisiana, February 25, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE